The President
delivered the opinion of the Court.
Taking the case to have been as stated by Winslow in his answer, the insertion of the 50/. must be considered, either as a consideration for forbearance—and of course within the act of usury,—or as a penalty, for which a compensation may be made, and therefore relievable against in a Court of Equity:—for he admits, that the- first proposition for 200/. was acceded to, and adopted as the agreement between the parties.
The case of Groves v. Graves, (ante p. 1.) in this Court, has decided this principle: viz. that such a contract to pay a larger sum at a future day, upon nonpayment of the sum agreed upon, at a prior day, is not usurious; but that the increased sum shall be considered as a penalty, against which a Court of Equity ought to relieve upon compensation being made.
That compensation—in case the condition be for payment of money—is legal interest; unless some -specific damage be shewn, which may induce the *155 Chancellor to direct a jury to assess the quantum of it.
In this case, Winslow speaks of difficulties to which he was subjected, but of no particular injury sustained, which could entitle him to a compensation beyond legal interest: so that upon his own statement of the case, Groves v. Graves would be a direct authority in affirmance of the decree. But take the case either way, there is no difficulty in it. For since Dawson might have performed what was required of him in order to save the forfeiture, by taking up the bond to Garret by the 10th of February, 1784, and was prevented by the interposition of Winslow himself from doing so, that ought in equity to be considered as done, and the penalty of course relieved against.
But, as the injunction is made perpetual for 3l. 12s. Bd. more than ought to have been injoined, the decree must be reversed with costs, and the injunction dissolved as to so much, and stand for the residue of the sum, and the costs at law, which were properly decreed, since the appellee appears to have tendered to the appellant, before the institution of the suit at law, more money than was due at that time.(1)

 Bull v. Douglass, 4 Munf. 203.